UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE BRAXTON SECRET, ET AL.,

    Plaintiffs,
v.                        Case No. 8:17-cv-1830-T-33TBM

PHIL ROE, MD, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas B. McCoun III's Report and Recommendation (Doc. # 7), filed on August 11, 2017, recommending that pro se Plaintiff Jeanette Braxton Secret's construed motion to proceed in forma pauperis be denied without prejudice. As of this date, there are no objections to the Report and Recommendation, and the time for the parties to file such objections has elapsed.

**I.   Background**

Pro se Plaintiffs Jeanette Braxton Secret, Carmen Braxton, Jeanette Braxton Secret Family Trust, and Andrew K. Jones Family Trust initiated this action on July 31, 2017, naming the following Defendants: (1) Phil Roe, MD, Chairman, House Committee on Veterans' Affairs; (2) Johnny Isakson,

Majority Senate Committee on Veterans' Affairs; (3) Jon Tester, Minority Senate Committee on Veterans' Affairs; (4) David J. Shulkin, Secretary of Veterans Affairs; (5) Catherine Mitrano, District Chief Counsel; (6) Kathy Simpson, Deputy Chief Counsel; (7) E. Douglas Bradshaw, Chief Counsel, Torts Law Group; (8) Dr. Abu T. Siddigui, MD, Staff Physician and Attending Physician; (9) Dr. Abelardo Augustines, Primary Care Doctor; (10) Anuja Pradhan, MD, Hematology/Oncology; (11) Sonia A Cotton, Radiology Nurse; (12) Mr. Robinson Ang, Physical Therapist; (13) David M. Crowder, RN; (14) Lawrence Matthews, 5B Nurses Station; (15) Dr. McDonald, MD, Lung Doctor; (16) Mr. Ariel Rodriguez, Chief, Patient Advocate; (17) Ronald Gathright, Patient Advocate; (18) Terrence Watts, 5th District- Orlando VAMCA; and (19) Tatishka Musgrove, VAMC, Bay Pines Pines VAHCS.

The pro se Complaint provides an account of the death of Andrew Kirk Jones, a 79-year old veteran, at the Bay Pines VA Hospital, located in Hillsborough County, Florida. Plaintiffs label the Complaint as a "Complaint for a Civil Case Alleging Negligence" and array a host of claims, including but not limited to, medical malpractice and wrongful death.

Plaintiffs accompanied the Complaint with an Application to Proceed in forma pauperis. (Doc. # 2). The Magistrate

Judge examined the Complaint and the Application to proceed in forma pauperis and filed a Report and Recommendation on August 11, 2017, recommending denial of the Application for in forma pauperis status without prejudice. (Doc. # 7). The Magistrate Judge also recommended dismissal of the Complaint with the opportunity to file an Amended Complaint within 20 days. (Id.) The Magistrate Judge recommended that the Court "grant Ms. Braxton Secret permission to file a Financial Affidavit fully setting forth her income and liabilities and an Amended Complaint, which clearly sets forth a cause of action consistent with the pleading requirements of the Federal Rules of Civil Procedure and which clearly states the basis of the Court's jurisdiction." (Id. at 10).

Although Plaintiff Braxton Secret filed various documents after the Report and Recommendation was issued, she did not file an objection to the Report and Recommendation. She filed a document purporting to be an Amended Complaint (Doc. # 10), but it is actually 19 separate documents, each one page in length. The document, even when construed broadly, does not meet the requirements for a Complaint under the Federal Rules of Civil Procedure, and it appears to be the same Complaint that she initially filed, with the inclusion of some handwritten notes. (Id.). She also filed a Motion requesting

referral to arbitration. (Doc. # 12). In that Motion, she suggested that she may be inclined to pay the $400 filing fee for civil cases. (Id.). The Court denied the Motion for referral to arbitration, explaining that it was prematurely asserted. (Doc. # 13).

II. **Analysis of Report and Recommendation**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo

review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge and the recommendation of the Magistrate Judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 7) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiff's construed motion for leave to proceed in forma pauperis (Doc. # 2) is **DENIED WITHOUT PREJUDICE.**

(3) The Complaint does not state a cognizable claim upon which relief may be granted and is therefore **DISMISSED WITHOUT PREJUDICE**. Plaintiff is authorized to file an Amended Complaint by **SEPTEMBER 12, 2017,** failing which, the case will be dismissed and closed.

(4) Plaintiff is granted permission to file, by **SEPTEMBER 12, 2017,** a Financial Affidavit fully setting forth her income and liabilities if she seeks to proceed in forma pauperis. Plaintiff also has the option of paying the full filing fee of $400.00 by **SEPTEMBER 12, 2017**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of August, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE