UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE BRAXTON SECRET,
ET AL.,

    Plaintiffs,
v.                          Case No. 8:17-cv-1830-T-33TBM

PHIL ROE, MD, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court sua sponte. As explained below, the Court dismisses this action without prejudice and directs the Clerk to close the case.

**Discussion**

Pro se Plaintiffs Jeanette Braxton Secret, Carmen Braxton, Jeanette Braxton Secret Family Trust, and Andrew K. Jones Family Trust initiated this action on July 31, 2017, naming the following Defendants: (1) Phil Roe, MD, Chairman, House Committee on Veterans' Affairs; (2) Johnny Isakson, Majority Senate Committee on Veterans' Affairs; (3) Jon Tester, Minority Senate Committee on Veterans' Affairs; (4) David J. Shulkin, Secretary of Veterans Affairs; (5) Catherine Mitrano, District Chief Counsel; (6) Kathy Simpson, Deputy Chief Counsel; (7) E. Douglas Bradshaw, Chief Counsel, Torts Law Group; (8) Dr. Abu T. Siddigui, MD, Staff Physician and

Attending Physician; (9) Dr. Abelardo Augustines, Primary Care Doctor; (10) Anuja Pradhan, MD, Hematology/Oncology; (11) Sonia A Cotton, Radiology Nurse; (12) Mr. Robinson Ang, Physical Therapist; (13) David M. Crowder, RN; (14) Lawrence Matthews, 5B Nurses Station; (15) Dr. McDonald, MD, Lung Doctor; (16) Mr. Ariel Rodriguez, Chief, Patient Advocate; (17) Ronald Gathright, Patient Advocate; (18) Terrence Watts, 5th District- Orlando VAMCA; and (19) Tatishka Musgrove, VAMC, Bay Pines Pines VAHCS. (Doc. # 1).

The pro se Complaint provides an account of the death of Andrew Kirk Jones, a 79-year old veteran, at the Bay Pines VA Hospital, located in Hillsborough County, Florida. Plaintiffs label the Complaint as a "Complaint for a Civil Case Alleging Negligence" and array a host of claims, including but not limited to, medical malpractice and wrongful death.

Plaintiffs accompanied the Complaint with an Application to Proceed in forma pauperis. (Doc. # 2). The Magistrate Judge examined the Complaint and the Application to proceed in forma pauperis and filed a Report and Recommendation on August 11, 2017, recommending denial of the Application for in forma pauperis status without prejudice. (Doc. # 7). The Magistrate Judge also recommended dismissal of the Complaint with the opportunity to file an Amended Complaint within 20 days. (Id.)

The Magistrate Judge recommended that the Court "grant Ms. Braxton Secret permission to file a Financial Affidavit fully setting forth her income and liabilities and an Amended Complaint, which clearly sets forth a cause of action consistent with the pleading requirements of the Federal Rules of Civil Procedure and which clearly states the basis of the Court's jurisdiction." (Id. at 10).

Although Plaintiff Braxton Secret filed various documents after the Report and Recommendation was issued, she did not file an objection to the Report and Recommendation during the period for filing objections. After conducting a careful examination of the entire file as well as of the Report and Recommendation, the Court adopted the Report and Recommendation in an Order dated August 29, 2017. (Doc. # 14).

In the Order adopting the Report and Recommendation, this Court explained that Plaintiff had the opportunity to file an Amended Complaint by September 12, 2017, and that any failure to do so would warrant dismissal of the action without prejudice. (Id. at 5). The Court also explained that Plaintiff's purported Amended Complaint (Doc. # 10), filed on August 20, 2017, "does not meet the requirements for a Complaint under the Federal Rules of Civil Procedure, and it appears to be the same Complaint that she initially filed,

with the inclusion of some handwritten notes." (Doc. # 14 at 3). The Court also ordered Plaintiff to either pay the full filing fee of $400 or file a renewed application to proceed in forma pauperis by September 12, 2017. (Id. at 5).

On September 1, 2017, after this Court adopted the Report and Recommendation, Plaintiff filed a one-page document titled "Motion to Objection to the Report and Recommendation" and stating: "Under Rule 6.02 Review of Magistrate Judges' Reports and Recommendations motioning the United States District Judge rejects in whole the Magistrate Judges' report and recommendation. The Complaint does state a cognizable claim upon which relief may be granted in III. Statement of Claim; IV. Relief." (Doc. # 16). Plaintiff attached various portions of her Complaint for a Civil Case Alleging Negligence.

The Court notes that the Objection, filed after the Report and Recommendation was adopted, is untimely and does not provide a basis for rejecting the already-adopted Report and Recommendation. The Court overrules the Objection and reiterates that Plaintiff was authorized to file an Amended Complaint that states a cognizable claim by September 12, 2017. She did not do so. The re-filing of her original Complaint with minor changes and with various handwritten

notations does not count as filing an Amended Complaint in accordance with Federal Rules of Civil Procedure 8 and 10.

Plaintiff also filed a "Motion for Count-Appointed Counsel" (Doc. # 15) on August 31, 2017. She attached another version of her Complaint to that document, with each separate page as an individual attachment. As with the other versions of her Complaint, this version names a long list of individual Defendants but does not attribute specific actions to the Defendants so as to put the Defendants on notice of the claims made against them. For instance, she names "Johnny Isakson, (Majority) Senate Committee on Veterans' Affairs" and "Catherine Mitrano, District Chief Counsel" as Defendants, but does not attribute any actions to Iaskson or Mitrano, and does not mention these individuals (other than naming them as Defendants) in any version of the Complaint. The Magistrate Judge denied the motion to appoint counsel on September 6, 2017. (Doc. # 17).

The Court takes note that Plaintiff has been warned regarding the requirements for asserting her proffered claims. For instance, the Magistrate Judge provided a careful explanation of the requirements for pursuing relief under the Federal Tort Claims Act. (Doc. # 7 at 7-9). Among other

things, the Plaintiff must name the United States as a Defendant. She has not done so.

In addition, Plaintiff has not paid the filing fee and has also neglected to file a renewed application to proceed in forma pauperis. These operative deadlines have now expired.

In sum, Plaintiff has failed to comply with this Court's August 29, 2017, Order. The Court previously warned Plaintiff that failure to comply would result in the dismissal of this action. (Doc. # 14 at 5). Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and this Court's inherent authority to manage the docket, the Court dismisses this action without prejudice and directs the Clerk to close the case. <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is **DISMISSED WITHOUT PREJUDICE.**

(2) The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of October, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE